**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3643-19

CAROL NELKIN, JAY
NELKIN, and VIRIDIAN
RESOURCES, L.L.C.,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

TWO RIVERS COFFEE, L.L.C.,
STEVEN SCHREIBER, EUGENE
SCHREIBER, and SARAH
SCHREIBER,

      Defendants-Respondents/
      Cross-Appellants.

        Argued October 21, 2021 – Decided December 15, 2021

        Before Judges Alvarez and Haas.

        On appeal from the Superior Court of New Jersey,
        Chancery Division, Middlesex County, Docket No.
        C-000107-19.

        Courtney J. Peterson (Bryan Cave Leighton Paisner,
        LLP) argued the cause for appellants/cross-respondents
        (Bryan Cave Leighton Paisner, LLP, attorneys;

Courtney J. Peterson and Jonathan E. Ginsberg, on the briefs).

Raphael M. Rosenblatt argued the cause for respondents/cross-appellants Steven Schreiber, Eugene Schreiber, and Two Rivers Coffee, LLC.

Nicholas R. Doria argued the cause for respondent/cross-appellant Sarah Schreiber.

PER CURIAM

Plaintiffs Carol Nelkin, Jay Nelkin, and Viridian Resources, L.L.C. filed a verified complaint and order to show cause in replevin, seeking damages and a declaration of ownership against defendants Two Rivers Coffee, L.L.C., Steven Schreiber, Eugene Schreiber, and Sarah Schreiber. Defendants returned the disputed items. Plaintiffs appeal because on April 15, 2020, after the return of property, the court dismissed the case with prejudice, sua sponte and without the opportunity for a hearing. Defendants cross-appeal, arguing the judge should have vacated defaults entered against them.

We need not recite the facts underlying the dispute. How the matter progressed to this point is not entirely clear from the three transcripts we have been provided: from the hearing on the initial return date of the order to show cause, and oral argument on the two subsequent motions. The court never directly addressed whether or not defendants should be afforded the opportunity

2

to participate in the trial of the matter, scheduled at least once. The judge allowed all counsel to engage in lengthy oral arguments on each court date. Similarly, despite the fact plaintiffs requested defaults be entered against defendants, who never filed answers, the judge allowed defendants to file certifications and move for reconsideration. In addition, the judge explained he "partially" vacated the defaults in order to allow "disposition in the matter."

Clearly, the judge believed the only issue in the case worthy of judicial attention was the return of plaintiffs' personal property. But the allegations in plaintiffs' complaint include additional counts seeking to establish proof of ownership and recover damages. The parties have engaged in hard-fought litigation in unrelated matters, which may have been the basis for the judge's unilateral decision to end this litigation once all the items had been returned. That is, the judge may have believed that justice would be better served by ending the lawsuit there.

Personal concepts of judicial administration and beliefs about justice, no matter how well-intentioned, should not prevail over a judge's obligation to address the primary goal of "adjudicat[ing] cases fairly and impartially." Klier v. Sordoni Skanska Const. Co., 337 N.J. Super. 76, 83 (App. Div. 2001). A fair and impartial disposition requires adherence to the court rules governing

3

process.  Adherence to the rules requires notice and an opportunity to be heard—not afforded to plaintiffs in this case.  Id. at 84 (citing Doe v. Poritz, 142 N.J. 1, 106 (1995)).

Rather than providing plaintiffs with the opportunity to be heard on the remaining causes of action, the judge simply dismissed the case with prejudice. He did so at the written request of counsel from a defendant against whom, like with the other defendants, a default may have been initially entered but who was nonetheless scheduled to be heard at a forthcoming bench trial regarding two last items that were eventually turned over.  That defendant's attorney wrote to the judge asking for dismissal with prejudice once those items were returned. The judge's dismissal violated at least Rule 1:6-2, which requires formal motions be filed before judges can decide a litigant's request.

Defendants were also deprived of notice and an opportunity to be heard. They were told at one point, for example, that they could file an answer, and a partial vacation of the default would be entered—but that the answer could not include a counterclaim.  Such a procedural anomaly is not permitted by the rules.

In light of this confused history, all parties should be afforded the opportunity to resolve their dispute in the ordinary course.  We therefore vacate the dismissal with prejudice, and reinstate plaintiffs' complaint.  We further

A-3643-19

vacate the defaults entered against defendants so they may file answers within thirty days of the date of this decision as permitted by the rules of court. The judge before whom the matter will be heard shall, if the parties request discovery, set an appropriate schedule for completion, and set the matter down for trial within ninety days of this decision.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3643-19